IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM GENE EATON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>OKLAHOMA COUNTY SHERIFF'S )<br>DEPARTMENT, et al., )<br>)<br>Defendants. ) | Case No. CIV-06-566-M |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, filed an action in the District Court of Oklahoma County, Case No. CJ-2003-7959, alleging a violation of his state and federal constitutional rights. Defendants John Whetsel and the Oklahoma County Sheriff's Department have filed a Notice and Petition for Removal [Doc. No. 1] pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 81.2. Plaintiff has filed an objection to Defendants' notice and petition for removal. [Doc. No. 5]. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's objection to removal be denied, but that Plaintiff be allowed to amend his petition to assert only state law claims, if he so chooses.

**I. BACKGROUND**

Plaintiff originally filed this action in the District Court of Oklahoma County on September 22, 2003, where it was assigned Case No. CJ-2003-7959. See Oklahoma State Courts Network Court Dockets Case No. CJ-2003-7959, p. 1. On January 12, 2004, the

District Court of Oklahoma County dismissed the action because Plaintiff had not timely had summons issued. Id.  On March 22, 2004, without first seeking leave of court, Plaintiff filed an amended petition. Id. at 2.  On April 16, 2004, Defendant Whetsel filed a notice of removal, removing the action to this Court, where it was filed under Case No. CIV-2004-468-M.  On June 14, 2004, Judge Miles-LaGrange entered an order dismissing that case as moot due to lack of jurisdiction because Plaintiff had not obtained leave to file his March 22, 2004 first amended petition, and his state case had been dismissed prior to removal.  Eaton v. Oklahoma County Sheriff's Dep't , Case No. CIV-04-468-M (Order June 14, 2004).

Thereafter Plaintiff sought relief from the Oklahoma Supreme Court, arguing in a petition for a writ of mandamus that his state court action should be allowed to move forward.  On May 1, 2006, the Oklahoma Supreme Court concluded that the District Court of Oklahoma County should permit Plaintiff to proceed on his amended petition. Notice of Removal, Ex. 2.  On May 23, 2006, Defendant Whetsel filed the notice of removal currently before the Court, asserting this Court's removal jurisdiction pursuant to 28 U.S.C. § 1441(b), because Plaintiff alleges claims arising under 42 U.S.C. § 1983. Plaintiff objects, asserting that his amended petition contains state law claims of conversion for the wrongful taking and disposal of personal items confiscated from his car and for the wrongful impoundment and sale of his automobile.

Review of the first amended petition reveals that although Plaintiff did not cite to 42 U.S.C. § 1983 in support of his claims, he clearly seeks damages for the alleged violation of his constitutional rights, the very essence of a claim under 42 U.S.C. § 1983.

"The basic purpose of an award of damages under § 1983 is to compensate persons for injuries caused by the deprivation of constitutional rights." <u>Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.</u> 739 F.2d 1472, 1480-81 (10th Cir. 1984)(citing <u>Carey v. Piphus</u>, 435 U.S. 247, 254 (1978)).  Accordingly, although Plaintiff asserts that he is not relying on 42 U.S.C. § 1983, the substance of his claims and his numerous citations to the United States Constitution belie his assertions.

Specifically, in his first claim for relief, Plaintiff alleges that his automobile was subjected to search and seizure while on a private road in violation of his rights under the Fourth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments.  First Amended Petition, p. 7.  In his second claim for relief, Plaintiff alleges that the Defendants converted his personal property in violation of his rights under the First, Fourth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments.  First Amended Petition, p. 7.  In his third claim for relief, Plaintiff alleges that his property was converted and confiscated and that excess funds were not returned to him, and that he was stripped of his personal property rights, all in violation of his rights under the Fourth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments.  First Amended Petition, p. 8.  In his fourth claim for relief, Plaintiff alleges that his arrest and seizure and the seizure of his automobile without due process violated his substantive and procedural due process rights under the Fourteenth Amendment.  Clearly, although Plaintiff did not state a reliance on 42 U.S.C. § 1983, he is suing for damages and relief for the alleged violation of his rights under the United States Constitution, which claims necessarily involve federal court jurisdiction.   Therefore, Defendant Whetsel and the Oklahoma County Sheriff's

Department were within their rights in filing the notice of removal and removing this case to federal court.

Plaintiff argues against removal by relying on the Eleventh Amendment. He argues that because the Eleventh Amendment bars suits against state officials in federal court the claims must be dismissed. Plaintiff is correct that the Eleventh Amendment bars claims for damages against state officials in federal court. Sheriff Whetsel, however, is not a state official; county and local officials, including the sheriff, are not entitled to Eleventh Amendment immunity. See Meade v. Grubbs, 841 F.2d 1512, 1529, n. 17 (10th Cir. 1988). Furthermore, Plaintiff alleges that he is suing Sheriff Whetsel in his individual capacity, and the Eleventh Amendment only shields officials from official capacity claims. Cornforth v. University of Oklahoma Bd. of Regents, 263 F.3d 1129 (10th Cir. 2001)("As a general rule, suits seeking damages from state officials in their individual capacities are not barred by the Eleventh Amendment.").

The notice of removal is procedurally deficient in one respect however, as Defendant Ragsdale did not join in the request for removal. All defendants must consent to removal. Wisconsin. Dep't of Corr. v. Schacht, 524 U.S. 381, 393(1998) (Kennedy, J., concurring); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981). The lack of unanimous consent is a procedural defect, not a jurisdictional defect. SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir. 1997); Sheet Metal Workers Int'l Ass'n v. Seay, 693 F.2d 1000, 1005 n. 8 (10th Cir. 1982). Under § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under

section 1446(a)." Because Plaintiff did not base his objection to removal on the failure of Defendant Ragsdale to consent to removal, his failure to timely do so waives any such objection, because the thirty-day period for objections has passed. 28 U.S.C. § 1447(c). Accordingly, because the Court has subject matter jurisdiction over Plaintiff's claims, the undersigned recommends that his objection to removal be denied.

According to the docket sheet in Case No. CJ-2003-7959, Plaintiff filed a motion to amend on May 22, 2006, just prior to the filing of the notice of removal. See Oklahoma State Courts Network, Court Dockets Case No. CJ-2003-7959. Defendants did not note the motion to amend or provide a copy to the Court. The undersigned therefore recommends that the Court order the Defendants to provide a copy of the motion to amend to the Court within ten days of any order adopting this report and recommendation. Additionally, the undersigned recommends that if this recommendation is adopted, that Defendants be ordered to respond to the motion to amend within fifteen days.

Finally, in light of Plaintiff's representations that he is not seeking to pursue any federal claims, but rather is solely seeking to recover under state law on claims for conversion, the undersigned recommends that the matter be remanded if, within twenty days of any order adopting this Report and Recommendation, Plaintiff files an amended petition eliminating any reference to his rights under the United States Constitution and clearly expressing his desire to proceed solely with state law claims with regard to the sale of his automobile and the disposal of his personal property.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's objection to the notice of removal be denied. It is further recommended that in the event this Report and Recommendation is adopted, that the action be remanded if within twenty days of any such order, Plaintiff files an amended petition that eliminates any reference to his rights under the United States Constitution or federal law. Finally, the undersigned recommends that Defendants be ordered to provide this Court with a copy of Plaintiff's May 22, 2006 motion to amend filed in the District Court of Oklahoma County, Case No. CJ-2003-7959 and that Defendants be ordered to respond to the motion. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 2, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 13th day of July, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE