**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM GENE EATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-566-M |
| ) | |
| OKLAHOMA COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He has also included a supplemental state tort claim in his complaint. United States District Judge Vicki Miles-LaGrange referred this case to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On March 22, 2007, Defendant Sheriff John Whetsel filed a motion for summary judgment.[1] Plaintiff filed a response and supplemental response, so the motion for summary judgment is now at issue. For the following reasons, it is recommended that the motion be granted.

---

[1] The motion for summary judgment is filed on behalf of both Sheriff Whetsel and the Oklahoma County Sheriff's Department. However, the undersigned does not read Plaintiff's live pleading (the petition filed in state court on April 25, 2005) to actually bring claims against the department. The "Parties" section of the petition does not name the Oklahoma County Sheriff's Department as a party to the suit and the petition does not allege any wrongdoing on the department's part aside from the wrong allegedly committed by the Sheriff. Petition, pp. 2-3. Further, while the department is named in the caption of the petition, it appears it was listed simply as Sheriff Whetsel's place of business. See Stephens v. Guilfoyle, No. 06-6149, 2007 WL 458017, at *1 n.1 (10th Cir. Feb. 13, 2007), petition for cert. filed, No. 06-11406 (May 11, 2007) (refusing to consider claims against John Doe defendants named only in the caption of the complaint).

BACKGROUND

On September 10, 1998, Oklahoma County Sheriff's deputies assisted Federal Bureau of Investigation agents with arresting Plaintiff for bank robbery.[2] Defendants' Brief, p. 3, para. 3; Response, p. 8. At the time of his arrest, Plaintiff was driving a 1996 Buick Regal with Oklahoma tag number QXQ 609. Defendants' Ex. 1, p. 3.[3] Once Plaintiff was apprehended, Oklahoma County Sheriff's deputies impounded Plaintiff's vehicle by enlisting the services of B's Ragsdale's Wrecker Service to take possession of the car. Defendants' Brief, p. 3, paras. 5, 7, Ex. 1, p. 3; Response, pp. 8-9. Plaintiff's car was towed from the scene of the arrest and Sheriff's deputies performed an inventory search of its contents the following day. Defendants' Brief, p. 3, paras. 7-8; Response, p. 9.

The arresting Sheriff's deputies took Plaintiff to the Oklahoma County Detention Center where he was held on state charges and a federal detainer. Defendants' Brief, pp. 4-5, paras. 13, 15; Response, p. 11. Although the State eventually dismissed its charges against Plaintiff, a jury convicted him of the federal charge of bank robbery. Defendants' Brief, pp. 4-5, paras. 14-15; Response,

---

[2] This recitation of facts is generated from the statements of material facts submitted by the parties in accordance with Local Civil Rule 56.1 and the summary judgment evidence. All material facts listed in Defendants' statement that Plaintiff failed to specifically controvert in his own statement have been deemed admitted. See LCvR 56.1(c). As Plaintiff is the nonmovant, the facts adduced from the summary judgment proof are presented in the light most favorable to him with all reasonable inferences drawn in his favor. See Sealock v. Colorado, 218 F.3d 1205, 1207 (10th Cir. 2000).

[3] Defendants' Ex. 1, p. 3 actually lists the vehicle as a Buick Skylark but from the undisputed facts and other documentation, it appears the vehicle is actually a Regal. See Defendants' Ex. 1, p. 2.

p. 11.  While Plaintiff was in custody awaiting trial, his car was sold and its contents were destroyed.  Defendants' Brief, p. 4, para. 12; Response, pp. 10-11.

Plaintiff filed a civil suit in the District Court of Oklahoma County complaining of his arrest, the search, seizure, and sale of his car, and the destruction of its contents.  Defendants' Brief, p. 2, para. 1; Response, p. 8, Notice of Removal, Ex. 3.20.  After Plaintiff's claims were litigated in state court for several years, he filed an amended petition which prompted Sheriff Whetsel to remove the action to federal court on May 23, 2006, by claiming that Plaintiff's amended petition alleged constitutional and state tort claims.  Defendants' Brief, p. 2, para. 2; Response, p. 8; Notice of Removal, para. 8.  The Court agreed with Sheriff Whetsel's argument and denied Plaintiff's motion to remand on August 8, 2006.  Id.

In his motion for summary judgment, Sheriff Whetsel argues that he is entitled to summary judgment on all of Plaintiff's claims for several reasons, including: 1) the statute of limitations applicable to Plaintiff's §1983 and state tort claims has expired (Propositions I, II, and III); 2) Oklahoma tort law does not permit Plaintiff to bring state tort claims against him (Proposition V); 3) he did not personally participate in the events made the basis of Plaintiff's suit (Proposition

VI); 4) the actions at issue were authorized by law (Propositions VII and VIII); and 5) he is entitled to qualified immunity (Proposition IX). Defendants' Brief, p. ii.[4]

DISCUSSION

Summary judgment is appropriate when the pleadings and evidentiary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the evidence permits a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts that might affect the outcome of the suit under the governing law." Id. In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. Sealock, 218 F.3d at 1207.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Instead, the moving party initially bears the burden only of "showing - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." Id. at 325 (internal quotations omitted). Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. Id. at 324.

---

[4] In proposition IV, it is claimed that the Sheriff's office is not a "person" subject to suit under §1983, but as noted above, the undersigned has not read the complaint as naming the Sheriff's department as a Defendant.

The nonmoving party "may not rest upon mere allegation" in his pleadings to satisfy this requirement. <u>Anderson</u>, 477 U.S. at 256. Rather, the nonmoving party must "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324 (internal quotations omitted).

*A.     Federal Claims*

In Proposition VI of his brief supporting his motion for summary judgment, Sheriff Whetsel contends that he is entitled to summary judgment on Plaintiff's § 1983 claims because he did not personally participate in the events made the basis of Plaintiff's suit. Defendants' Brief, pp. 14-15.

Personal participation is an essential element of a § 1983 claim. <u>Bennett v Passic</u>, 545 F.2d 1260, 1262-63 (10th Cir. 1976). As a result, a supervisor incurs no § 1983 liability for a subordinate's conduct that results in the deprivation of a constitutional right unless an "affirmative link" exists between the deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1527 (10th Cir. 1988); <u>see also</u> <u>Coleman v. Turpen</u>, 697 F.2d 1341, 1347 n.7 (10th Cir. 1982) (*respondeat superior* generally does not apply to § 1983 cases).

Sheriff Whetsel has demonstrated that there is an absence of proof showing that he personally participated in bringing about any of the alleged constitutional

violations made the basis of Plaintiff's suit or that they occurred as a result of his direction or failure to supervise. Sheriff Whetsel denied having any personal involvement in Plaintiff's arrest, the search and seizure of Plaintiff's car, or the car's subsequent sale and the destruction of its contents in his statement of material facts. Defendants' Brief, p. 5, para. 19. In fact, Sheriff Whetsel denied having any specific knowledge about the impoundment, inventory search and sale of Plaintiff's car, and the destruction of its contents prior to this lawsuit being filed. Id. at para. 20. Plaintiff has not contradicted the truth of these assertions so they are taken as true for summary judgment purposes. Response, pp. 11-12; LCvR 56.1(c). Additionally, Sheriff Whetsel produced an affidavit unequivocally stating that he did not personally participate in any aspect of apprehending Plaintiff, impounding his car, searching and inventorying its contents, or its subsequent sale. Defendants' Brief, Ex. 2. Sheriff Whetsel has demonstrated that there is an absence of proof affirmatively linking his personal participation, exercise of control or direction, or failure to supervise to the alleged constitutional deprivations at issue.

In contrast, Plaintiff has failed to demonstrate that Sheriff Whetsel was personally involved in the events made the basis of this suit. Indeed, Plaintiff has not come forward with any evidence to support his claims. See generally Response. Further, and as noted, Plaintiff did not controvert Sheriff Whetsel's denial of any personal involvement or knowledge of the events made the basis of

Plaintiff's suit. Because those facts are deemed admitted and dispositive of Plaintiff's claim, summary judgment is proper on that basis alone.

Additionally, Plaintiff's response makes it clear that he has not sued Sheriff Whetsel because of his own personal acts which deprived Plaintiff of his constitutional rights. See, e.g., Response, pp. 11-12. Instead, Plaintiff believes Sheriff Whetsel is accountable for the alleged constitutional violations at issue because of his supervisory authority over the deputies who personally participated in Plaintiff's arrest, the impoundment of his car, the inventory search, and its eventual sale. Id. Plaintiff avers in his response that Sheriff Whetsel "knew or should have known" of the impoundment of Plaintiff's car because his deputies called the towing service and reported the incident in arrest sheets or reports. Id. at 12. However, "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996). Since Plaintiff has not brought suit against Sheriff Whetsel for his personal actions in depriving Plaintiff of his constitutional rights, it is not surprising that Plaintiff has not come forward with summary judgment evidence tending to show that a genuine issue of material facts exists as to whether Sheriff Whetsel's personal participation, exercise of control or direction, or failure to supervise caused the alleged constitutional deprivations.

As the nonmoving party faced with a motion for summary judgment, Plaintiff bore the burden to "go beyond the pleadings and designate specific facts

so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Because Plaintiff has failed to designate specific facts sufficient to establish an essential element of his claim, that Sheriff Whetsel personally participated in bringing about any alleged deprivation of Plaintiff's constitutional rights, controlled the situation which led to the alleged deprivations, or that the alleged deprivations occurred as a result of his failure to supervise, Sheriff Whetsel is entitled to summary judgment on Plaintiff's § 1983 claims. See Johnson v. Mullin, 422 F.3d 1184, 1187 (10th Cir. 2005).

B.   *State Claim*

In Propositions II, III, and VII, Sheriff Whetsel argues that he is entitled to summary judgment on Plaintiff's state tort claim for conversion because his deputies' actions were authorized by law. Defendants' Brief, pp. 15-17.

Oklahoma law defines conversion as "an act of dominion and control wrongfully exerted over another's personal property in denial of or inconsistent with his rights." Barrett v. Tallon, 30 F.3d 1296, 1300-1301 (10th Cir. 1994) (citing Installment Fin. Corp. v. Hudiburg Chevrolet, Inc., 794 P.2d 751, 753 (Okla. 1990)). An individual with authority to possess property is not liable in tort for the property's conversion. See First Bank of Okarche v. Lepak, 961 P.2d 194, 198 (Okla. 1998). Law enforcement officers are authorized to impound a vehicle

whose driver is arrested if the impoundment is conducted pursuant to a departmental policy. Okla. Stat. tit. 47, § 955(A)(3); <u>Lee v. Oklahoma</u>, 628 P.2d 1172, 1173 (Okla. Crim. App. 1981). The owner of the vehicle is responsible for the towing and storage charges and the towing company acquires a possessory lien in the vehicle towed. Okla. Stat. tit. 47, § 962.

Sheriff Whetsel has established that Plaintiff was arrested in Oklahoma City while driving a vehicle and that Plaintiff's arrest would have left his vehicle unattended on a street. Defendants' Brief, p. 3, Ex. 1, p.1, Ex. 2, p. 1; Plaintiff's Response, p. 8, paras. 3-4. Sheriff Whetsel has also established that on the date of Plaintiff's arrest, he had a policy that required his deputies to impound a vehicle if its driver was arrested and other arrangements were not readily available at the scene of the arrest. Defendants' Ex. 2. The Sheriff's policy is consistent with the Oklahoma statute that gives law enforcement officers the authority to impound a vehicle. <u>See</u> Okla. Stat. tit. 47, § 955(A)(3) (authorizing law enforcement officers to have a vehicle towed when its driver "is arrested for an alleged offense for which the officer is required by law to take the person arrested or summoned before a proper magistrate without unnecessary delay."). Accordingly, Sheriff Whetsel's deputies lawfully caused Plaintiff's vehicle to be towed. <u>See</u> <u>id.</u>; <u>see also</u> <u>Lee</u>, 628 P.2d at 1173.

The existence of the Sheriff's deputies authority to cause Plaintiff's vehicle to be towed negates an essential element of Plaintiff's claim for conversion against

Sheriff Whetsel, namely unauthorized assumption of control of the vehicle. Further, it is clear that B's Ragsdale's Wrecker Service caused the vehicle to be sold to foreclose its possessory lien, and not Sheriff Whetsel. Thus, Sheriff Whetsel is entitled to summary judgment on Plaintiff's conversion claim. See Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002) (noting that moving party is entitled to summary judgment when it produces evidence negating an essential element of nonmoving party's claim).[5]

## RECOMMENDATION

Defendant Sheriff Whetsel has established his entitlement to summary judgment. Accordingly, it is recommended that his motion for summary judgment [Doc. No. 42] be **GRANTED**. Plaintiff's "motion for discovery," "motion of fraud," "motion for 60 days continuance," and "motion for all state laws and statutes used by defendants," [Doc. No. 43] is **DENIED,** but the motion has been considered to the extent it is a response to the summary judgment motion.[6] Plaintiff is advised

---

[5] The undersigned makes no finding as to whether Cindy Ragsdale or B's Ragsdale's Wrecker Service committed the tort of conversion by selling the car and disposing of the contents as that issue is not presently ripe for decision.

[6] The undersigned recognizes that summary judgment is not appropriate if adequate time for discovery has not passed and that the nonmovant may oppose summary judgment by seeking additional time for discovery and a continuance. See Fed. R. Civ. P. 56(c), (f); see also Celotex, 477 U.S. at 322, 326. To present such a claim, the nonmoving party must move for a continuance in writing and submit an affidavit which demonstrates that the nonmovant is unable to respond to the motion for summary judgment and that postponing a ruling on the motion will enable him to rebut the motion. See Fed. R. Civ. P. 56(f); see also Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006) (Rule 56(f) affidavit must "explain[] why facts precluding summary judgment cannot be presented . . . includ[ing] identifying the probable facts not available and what steps have been taken to obtain these facts" and "how additional time will enable [the nonmovant] to rebut the movant's allegations of no genuine issue of material fact."). Here, Plaintiff's motion for continuance does not warrant postponement of the entry of summary judgment for several reasons. For one, the undersigned set a discovery deadline for the parties several months ago and it appears that Plaintiff

of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 7th 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation only partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter, as Plaintiff's claims against Defendant Cindy L. Ragsdale and/or B's Ragsdale's Wrecker Service have not been addressed.

**ENTERED** this 18th day of July, 2007.

*[signature]*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

failed to try to engage in any discovery until after the motion for summary judgment was filed even though his claims were litigated in state court for three years prior to the action's removal. Doc. No. 34. Additionally, Plaintiff did not file a Rule 56(f) affidavit requesting more time for discovery with his motion for continuance. See generally Response.  Plaintiff must follow the rules of procedure even though he is pro se.  See, e.g., Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).  Lastly, the undersigned has recommended that summary judgment be granted based upon facts that Plaintiff has not contradicted in his statement of material facts and that, judging from the averments of Plaintiff's pleadings and summary judgment response, he could not rebut even if given additional time.

Morever, that Plaintiff does not have access to Oklahoma law or statutes because he is incarcerated in Colorado does not prevent the entry of summary judgment because Plaintiff has no entitlement to access to legal materials to litigate constitutional or state tort claims. Lack of access to legal materials excuses an inmate's failure to comply with procedural rules only in actions which directly or collaterally attack his conviction or sentence or that challenge the conditions of confinement.  See Lewis v. Casey, 518 U.S. 343, 354-55 (1996).